IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA

DALE HANSSON

    Plaintiff,

vs.

                                        Case No.:

GATESTONE & CO.
INTERNATIONAL, INC.

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Dale Hansson (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, Gatestone & Co. International Inc. (hereinafter, "Gatestone" or "Defendant"). In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), and Fair Debt Collection Practices Act, 15 United States Code, Section 1692 (hereinafter, the "FDCPA") wherein Gatestone and its representatives attempted to collect a consumer debt from Plaintiff on a debt that had been discharged in bankruptcy and was no longer enforceable against Plaintiff—using collection letters in an unlawful attempt to collect the alleged debt from Plaintiff.

### JURISDICTION, VENUE & PARTIES

2. This is an action for damages which exceeds $8,000.00, but does not exceed $30,000.00, exclusive of attorneys' fees and costs.

3. Jurisdiction and venue for purposes of this action are proper in Manatee County, Florida, and are conferred by Fla. Stat. § 559.77 and 15 U.S.C. § 1692k(d).

4. At all times material herein, the conduct of the Defendant, complained of below, occurred in Manatee County, Florida.

5. At all times material herein, the Defendant engaged in its usual and customary business within Manatee County, Florida.

6. At all material times herein, Plaintiff is a natural person residing in Bradenton, Manatee County, Florida.

7. At all material times herein, Gatestone is a foreign Profit Corporation existing under the laws of the state of Delaware, with its principal place of business located at 455 North 3rd Street, Suite 260, Phoenix, Arizona 85004.

**FCCPA AND FDCPA STATUTORY STRUCTURE**

8. The FCCPA is a state consumer protection statute, modeled after the FDCPA, a federal statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., Sections 1692(a) and (e); Fla. Stat., Sections 559.55 and 559.77(5).

9. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due to another," and prohibits any such debt collector or person from engaging in particular conduct in connection with collecting consumer debts. 15 U.S.C., Section 1692(a)(6); Florida Statutes, Section 559.55(5).

10. Specifically, the FCCPA prohibits certain unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information

regarding a debt *directly or indirectly* to any person *through any medium.*" Fla. Stat., Section 559.55(2) (emphasis added).

11. For example, the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt, or from using false, deceptive, or misleading representations or means in connection with the collection of any consumer debt. *See* 15 U.S.C., Sections 1692(d)-(e).

12. Similarly, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor, and also prohibits a person from claiming, attempting, or threatening to enforce a consumer debt "when such person knows that the debt is not legitimate" or by asserting a legal right that does not exist. *See* Fla. Stat., Sections 559.72(7) and 559.72(9).

## GENERAL ALLEGATIONS

13. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 U.S.C. § 1692a(3)-0, and/or a person affected by a violation of the FDCPA withstanding to bring this claim under 15 U.S.C. § 1692k(a).

14. At all material times herein, Gatestone, itself and through its affiliates, regularly attempts to collect debts, including but not limited to, alleged balances due from Plaintiff on a discharged debt.

15. At all material times herein, Gatestone is a "person" subject to Florida Statutes Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

16. At all material times herein, Gatestone is a "debt collector" as defined by Florida Statutes, Section 559.55(7) and 15 U.S.C. § 1692a(6).

17. At all material times herein, Gatestone uses interstate mail while engaging in a business, the principal purpose of which is the collection of consumer debts.

18. At all material times herein, Gatestone attempts to collect a debt, including but not limited to, an alleged balance on the Account due to Bank of Montreal.

19. At all material times herein, Gatestone is a "consumer collection agency" within the definition established by Florida Statutes, Section 559.55(3) in that it is a business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.

20. At all material times herein, Gatestone attempted to collect debts, including but not limited to, alleged balances due from Plaintiff on a discharged debt (herein, the "Account" or "Debt").

21. At all material times herein, the alleged balance due on the Account is a consumer debt, an obligation resulting from a transaction for goods or services incurred primarily for personal, household, or family use.

22. At all material times herein, Gatestone's conduct regarding the Account complained of below qualifies as "communication" as defined by Florida Statutes,

Section 559.55(2) and 15 U.S.C. § 1692a(2).

23. At all material times herein, Defendant acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

24. All necessary conditions precedent to the filing of this action occurred, or Defendant waived the same.

## FACTUAL ALLEGATIONS

25. Plaintiff incurred a debt with Bank of Montreal (i.e., the "Debt").

26. The Debt was incurred primarily for personal, household or family use.

27. In or around December 2020, Plaintiff experienced financial difficulties and retained William Kopp, Esq. of Kopp Law, P.A. to represent him with respect to the Debt and for the purposes of filing for bankruptcy.

28. On December 23, 2020, Plaintiff filed bankruptcy pursuant to Chapter 7 of Title 11 of the United States Bankruptcy Code in the Middle District of Florida, Case No. 8:20-bk-09320 (the "Bankruptcy Case").

29. Plaintiff's voluntary petition filed in the Bankruptcy Case included legal counsel's name and contact information.

30. Plaintiff properly listed Bank of Montreal as an unsecured creditor in his Bankruptcy Case.

31. On or about December 28, 2020, a copy of the Notice of Commencement was served upon Bank of Montreal.

32. Plaintiff has been continuously represented by legal counsel with respect to the debt since at least December 23, 2020, to the present and at all times relevant hereto, Bank of Montreal had actual knowledge of Plaintiff's representation by legal counsel with respect to the Debt.

33. Despite having received a copy of the Notice of Commencement and having actual knowledge of Plaintiff's representation by legal counsel and actual knowledge of Plaintiff's bankruptcy filing, Bank of Montreal placed the Debt with Gatestone, a third-party debt collection company.

34. As part of the assignment for collection purposes, Bank of Montreal informed Gatestone that the Debt was included in Plaintiff's Bankruptcy Case and that Plaintiff was represented by legal counsel with respect to the Debt.

35. Alternatively, Gatestone failed to properly review the information and documents provided to it by Bank of Montreal and was willfully blind to Plaintiff's legal representation and bankruptcy filing.[1]

36. On or about February 10, 2021, after continuing to receive written communications from Gatestone, in an attempt to collect upon the debt; Plaintiff filed a lawsuit against Defendant for violations of the FCCPA (the "First Harassment Action"). The lawsuit filed by Plaintiff alleged that Defendant continued to contact Plaintiff directly despite actual knowledge that he was represented by legal counsel and requested communications be directed to legal counsel.

37. The First Harassment Action again put Gatestone on notice of Plaintiff's legal representation and Bankruptcy Case.

---

[1] *See Micare v. Garbus*, 132 F.Supp.2d 77 (N.D.N.Y. 2001) (imputing knowledge to the debt collector when it fails to inquire whether the debtor is represented by counsel gives full meaning to protections afforded by the FDCPA); *Powers v. Professional Credit Services Inc.*, 107 F.Supp.2d 166 (N.D.N.Y. 2000) (creditor with knowledge of representation who forwards account to debt collector without disclosing the representation would eviscerate the FDCPA); *see also Perryman v. Account Recovery Specialists, Inc.*, Case No. 2:15-cv-09077-JWL-TJJ (D. Kan. August 26, 2015).

38. On April 6, 2021 Gatestone communicated with Plaintiff directly by sending a written communication in an attempt to collect the Debt owed to Bank of Montreal.

39. The immediately aforementioned communication indicated that it was from a debt collector attempting to collect a debt and any information obtained will be used for that purposes.

40. The immediately aforementioned communication further included a detachable payment coupon with Gatestone's address and a pre-authorized auto payment form.

41. There was no disclosure on the immediately aforementioned communication for Accounts that have been included or discharged in bankruptcy.

42. Notwithstanding Plaintiff having retained legal counsel with respect to the Debt, having filed bankruptcy, and Gatestone having knowledge of this circumstance, Gatestone continued to contact Plaintiff directly for the purposes of collecting on the Debt.

43. Plaintiff retained Kopp Law, P.A. for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

44. Defendant's continued demands for payment of amounts that became due prior to the filing of his Bankruptcy Case, despite Plaintiff having filed for bankruptcy, Gatestone's communications left Plaintiff confused about the legal status and character of the Debt.

45. Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite his efforts to obtain a fresh start that Plaintiff must endure the continued unlawful continued debt collection attempts.

46. Plaintiff has incurred reasonable attorneys' fees in pursuit of this enforcement action and will seek recovery of the same against Gatestone as allowed pursuant to Fla. Stat. § 559.77(2).

47. The FCCPA, Section 559.77, provides for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Gatestone.

48. The FDCPA, 15 U.S.C. § 1692k(a), provides for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Gatestone.

49. At all material times herein, it would have been possible for Defendant to avoid violating the terms of the FCCPA and FDCPA.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE—
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

50. Defendant is subject to and has violated the provisions of Fla. Stat. § 559.72(18), by intentionally and repeatedly communicating with Plaintiff after being given actual notice that Plaintiff was represented by legal counsel with respect to the Debt.

51. Plaintiff has been represented by legal counsel with respect to the Debt since at least December 23, 2020.

52. Defendant received the Notice of Commencement which advised Defendant that William Kopp, Esq. represented Plaintiff with respect to the Debt.

53. Despite having actual knowledge of Plaintiff's representation by legal counsel with respect to the Debt, Defendant willfully, repeatedly, and continuously communicated with Plaintiff since March 2020 in an attempt to collect upon the Debt as outlined above, all done in reckless disregard of Plaintiff's right to be free from illegitimate Debt collection attempts.

54. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Fla. Stat. § 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE – VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

55. Defendant is subject to, and violated the provisions of, Florida Statues, Section 559.72(9), by attempting to collect a debt with knowledge that the alleged debt is not legitimate or by asserting the existence of some legal right when Defendant knows that the right does not exist.

56. Specifically, Gatestone possessed actual knowledge that the Debt was included in Plaintiff's Bankruptcy Case.

57. Defendant was provided notice of the bankruptcy via the Notice of Commencement.

58. Defendant has actual knowledge that it has no right to collect the Debt from Plaintiff, a Debt that had been included in bankruptcy.

59. Despite Defendant's actual knowledge that the Debt was included in Plaintiff's Bankruptcy Case and is no longer enforceable against Plaintiff, Gatestone, in violation of the automatic stay, continued to attempt to collect the Debt directly from Plaintiff by sending written communications, all done in reckless disregard of Plaintiff's right to be free from illegitimate, unlawful Debt collection attempts.

60. In sum, during the course of Defendant's attempts to collect the debt, it knowingly and falsely asserted that the Debt was legitimate, and falsely asserted that it possessed the right to collect the discharged debt from Plaintiff.

61. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692c(a)(2)

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

62. Defendant is subject to, and violated the provisions of 15 United States Code, Section 1692c(a)(2), by communicating with a consumer that Defendant knows is represented by legal counsel with respect to the Debt.

63. Specifically, Gatestone was informed by Bank of Montreal that Plaintiff was represented by legal counsel with respect to the Debt and had filed for bankruptcy protection.

64. The documents filed in Plaintiff's Bankruptcy Case provided legal counsel's name, address and contact information.

65. Notwithstanding, Gatestone continued to send account statements demanding payments directly to Plaintiff.

66. The FDCPA is a strict liability statute, where violations are assessed from the perspective of the "objective least sophisticated consumer." *Graziano v. Harrison*, 950 F.2d 107, 111 (3dCir. 1991); see also *Jeter v. Credit Bureau*, 760 F.2d 1168, 1175 (11th Cir. 1985). Any violation of the Act is sufficient to impose liability and permits an award of statutory and actual damages. 15 United States Code, Section 1692k.

67. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k(a).

## COUNT FOUR:
## UNLAWFUL DEBT COLLECTION PRACTICE –

## **VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e**

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

68. Several practices by debt collectors are prohibited pursuant to 15 United States Code, Section 1692e. Included in these provisions is a prohibition against using a "false, deceptive, or misleading representation." § 1692e. The statute enumerates examples, including "[m]aking a false representation of the amount, character or legal status of a debt," § 1692e(2)(a), and "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," §1692e(10).

69. Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1692e, by attempting to collect a consumer debt from Plaintiff using "false, deceptive, or misleading representation or means in connection with the collection of any debt."

70. Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1692e(8), which prohibits communicating false information about a debt.

71. Defendant is further subject to, and violated the provisions of, 15 United States Code, Section 1692e(10), which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

72. Specifically, Defendant has violated 15 United States Code, Section 1692e(2) by representing that they were entitled to payment, and demanding payment from Plaintiff on a defaulted Debt that was included in Plaintiff's Bankruptcy Case and which is subject to the automatic stay.

73. Defendant violated 15 United States Code, Section 1692e(8) by communicating to Plaintiff that he owed a debt to Defendant even though Plaintiff had no such obligation.

74. Defendant violated 15 United States Code, Section 1692e(10) by sending false and deceptive bills demanding payments for a Debt included in Plaintiff's Bankruptcy Case and which is subject to the automatic stay. The statement includes an "Amount Owing" and directions on how to make a payment, in order to deceive Plaintiff into paying on a defaulted Debt.

75. The FDCPA is a strict liability statute, where violations are assessed from the perspective of the "objective least sophisticated consumer." *Graziano v. Harrison*, 950 F.2d 107, 111 (3dCir. 1991); see also *Jeter v. Credit Bureau*, 760 F.2d 1168, 1175 (11th Cir. 1985). Any violation of the Act is sufficient to impose liability and permits an award of statutory and actual damages. 15 U.S.C. § 1692k.

76. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k(a).

### COUNT FIVE:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f

77. Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

78. Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1692f and 1692f(1), which prohibit unfair and unconscionable practices by a debt collector to collect a debt, including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

79. Defendant violated 15 United States Code, Section 1692f and 1692f(1) by attempting to collect a defaulted Debt from Plaintiff which was included in his Bankruptcy Case and subject to the automatic stay, and which may not be collected under federal law.

80. The FDCPA is a strict liability statute, where violations are assessed from the perspective of the "objective least sophisticated consumer." *Graziano v. Harrison*, 950 F.2d 107, 111 (3dCir. 1991); see also *Jeter v. Credit Bureau*, 760 F.2d 1168, 1175 (11th Cir. 1985). Any violation of the Act is sufficient to impose liability and permits an award of statutory and actual damages. 15 U.S.C. § 1692k.

81. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k(a).

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

    a.    Judgment against Gatestone & Co. International Inc. declaring that Gatestone & Co. International Inc. violated the FCCPA and FDCPA;

    b.    Judgment against Gatestone & Co. International Inc. for maximum statutory damages for the violations of the FCCPA and FDCPA;

    c.    Judgment against Gatestone & Co. International Inc. enjoining them from engaging in further conduct in violation of the FCCPA;

    d.    Actual damages in an amount to be determined at trial;

    e.    Compensatory damages in an amount to be determined at trial;

    f.    Punitive damages under the FCCPA in an amount to be determined at trial;

    g.    An award of attorneys' fees and costs; and

    h.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

KOPP LAW, P.A.

/s/ Rebbecca A. Goodall
William J. Kopp, Esq.
Florida Bar No.: 83605
Kopplawpa@gmail.com
Rebbecca A. Goodall, Esq.
Florida Bar No.: 0115344
rgoodall.law@gmail.com
360 Central Avenue, Suite 1570
St. Petersburg, FL 33701
(813) 999-3355; (727) 999-2016 (fax)
Attorneys for Plaintiff,
Dale Hansson